AMERICAN GRAPHOPHONE CO. v. NATIONAL GRAMOPHONE CO. et al.

(Circuit Court, S. D. New York.　December 10, 1898.)

PATENTS — INFRINGEMENT — IMPROVEMENT IN RECORDING AND REPRODUCING SPEECH.

　　The Bell & Tainter patent, No. 341,214, for an improvement in recording and reproducing speech, as to claim 21, covering a loosely-mounted or gravity reproducer, *held* valid and infringed, on motion for preliminary injunction.

Motion for preliminary injunction on United States patent to Bell & Tainter for improvement in recording and reproducing speech, etc., No. 341,214, May 4, 1886.

Richard N. Dyer and Philip Mora, for the motion.
Charles E. Mitchell, opposed.

LACOMBE, Circuit Judge.　Although the notice of motion embraces claims 19 to 23, both inclusive, complainant has addressed its argument solely to claim 21.　The others may be considered as withdrawn from this application.　It is difficult to see upon what theory this court can assume that Judge Shipman, in the case of Same Plaintiff v. Leeds, 87 Fed. 873, held the twenty-first claim not to be valid, in view of the fact that the decree in that case expressly declares that the patent is valid so far as that claim is concerned.　Nor is there anything in the opinion in the Leeds Case which would require this court to read additional elements into claim 21, thereby making it identical with one or more of the other claims which were also sustained.　It seems reasonably clear that this court did not entirely concur with Judge Grosscup.　Certainly it held the claim for the loosely-mounted reproducer, or gravity reproducer, or floating reproducer to be valid; and in disposing of the present motion this must be taken as adjudicated, no new evidence of any weight being introduced.

The claim reads as follows:

"(21) The reproducer, mounted on a universal joint, and held against the record by yielding pressure, substantially as described."

Defendants seek to escape infringement upon the theory that the sinuosities in their record which preserve and reproduce the sound waves are found in the walls of the groove, instead of in the bottom; wherefore, as they contend, the reproducer is not held with a yielding pressure against the record, but is moved positively by the side walls.　A careful perusal of the patent, however, indicates that the word "record" is not used to indicate solely that particular part of the recording groove whereon the sound waves are recorded by elevations and depressions.　Thus, referring to the operation of the reproducer, the specification says:

"No special care is necessary to insure its adjustment; for if the reproducer be allowed to rest against the record, with the style upon the engraved line, the style will of itself gravitate to the bottom of the groove."

And again:

"Difficulties on these accounts are avoided by the loose or flexible mounting of the reproducer, the style automatically adjusting itself to the proper place on the record."

The earlier art shows a reproducer held rigidly. The "floating reproducer" was adapted to put itself in place and keep itself in place despite the various disarrangements of parts to which machines of this class are liable. And in defendants' machine this same automatic action is secured in the same way. Resting always on the bottom of the groove, the reproducer is always in that part of the groove or record —held there by yielding pressure—where it can be acted upon by the irregular surface which preserves the sound waves; and it would seem to make little difference whether that surface was located at the bottom or at the side of the groove, especially in view of the language of the specification:

"The reproducing style, mounted as just explained, is specially adapted for use in connection with a record in the form of a groove with sloping walls, and this combination is specially claimed; but it may also be usefully employed in connection with other forms of record."

There seems to be no special equity in the circumstance that defendants have not heretofore been disturbed by suit. Complainant has evidently been diligent in bringing suits against earlier infringers, and was under no obligation to sue every one at the same time.

Upon formally withdrawing the motion as to the other claims, complainant may take an order in the usual form as to No. 21. After the order is entered, however, its operation will be suspended until January 25, 1899, in order to give defendants an opportunity to prosecute and argue an appeal, if they be so advised.